CHARLES S. SMITH & another *vs.* STEPHEN CASTLES.

A deposition taken under a commission duly issued, on " interrogatories to be put to M. H. B. of Janesville, Wisconsin, laborer," but which purports by its caption to be the deposition of M. H. B. of Sandusky, Ohio, and in which the deponent states that his occupation is that of a pedler, is admissible in evidence, notwithstanding the variance, if it appears that the deponent is the same person to whom the interrogatories are addressed.

In an action on a promissory note, the signatures of which are not denied by the defendant, it is no ground for rejecting a deposition, taken in another state under a commission, that the original note sued upon was shown by the magistrate to the deponent, and annexed by him to his deposition, though not referred to in the interrogatories, and although the adverse party had no notice that it would be shown to the deponent, or attached to the deposition.

An attorney at law, who testifies, on the trial of an action on a promissory note, to the time when the defendant's signature was affixed to the note, cannot be asked on cross examination whether he has not been expelled from the bar, after a hearing before the court, because he had committed perjury, and whether the judge, before whom the hearing was had, did not intimate to him that he had sworn falsely.

The provision of the *St.* of 1844, *c.* 162, that any action entered in the court of common pleas, where the *ad damnum* in the writ exceeds a certain sum, " after the first term, may be carried to the supreme judicial court, by the consent of both parties, provided it be done before the trial commences in the court of common pleas,' does not apply to a case which has been tried once in that court.

When the plaintiff, after bringing an action, removes out of the Commonwealth, an indorser of the writ will be required, on the motion of the defendant, made at the first term after he has knowledge of the fact.

ASSUMPSIT by Charles S. Smith and Joseph G. Smith, partners under the firm of C. S. & J. G. Smith, on four promissory notes, two signed by Mark H. Bryan, and the other two by James Fannon, and all payable to the plaintiffs or order, and indorsed by the defendant thus : " Waiving demand and notice, Stephen Castles." The defendant pleaded the general issue, and admitting the genuineness of the signatures on the notes, denied that he indorsed them at the time when they were made, or as part of the same transaction, but alleged that he signed them subsequently and as guarantor. A trial was had in the court of common pleas before *Mellen*, J. at January term 1851 and resulted in a disagreement of the jury.

At January term of that court 1852, the death of Charles S. Smith was suggested; and the case was tried again before *Wells*, C. J. when the plaintiffs offered in evidence a deposition purporting by its caption to be the " deposition of Mark H. Bryan, of Sandusky City, Erie County and State of Ohio," (who testified therein that his occupation, at present, was that of a pedler,) taken at Sandusky before the mayor of that city, under a commission addressed " to any justice of the peace, notary public, or other officer, legally empowered to take depositions in Janesville, Rock County, Wisconsin, or Cincinnati in the State of Ohio, or Sandusky, Erie County, Ohio," on " interrogatories to be put on the part of the plaintiffs to Mark H. Bryan of Janesville, Wisconsin, laborer," of the filing of which interrogatories the defendant had due notice. The interrogatories contained inquiries concerning the circumstances attending the making of the two notes sued upon, signed by Mark H. Bryan, and the time of their indorsement by the defendant, and set forth copies of said notes, but contained no request to the deponent to produce any original papers, and no notice was given to the defendant that any would be shown to the deponent, or that he would be requested to annex any. But the originals of said two notes were shown by the magistrate to the deponent,

as appeared by his answers, and he testified in regard to them, and annexed them to his deposition. The defendant objected to the admission of the deposition; first, because the interrogatories filed and of which he had notice being for the deposition of " Mark H. Bryan, of Janesville, Wisconsin, laborer," the deposition produced was that of " Mark H. Bryan, of Sandusky City, Ohio, pedler," and was not therefore in compliance with the statute and the rules of court; and secondly, because original papers were shown to the deponent, and he testified in regard to them, and annexed them to his deposition, when no request to that effect had been inserted in the interrogatories, or notified to the defendant. But the presiding judge overruled the objections, and allowed the deposition to be read to the jury.

The defendant, to sustain his defence, among other testimony offered the deposition of John C. Farrell, in which the witness testified as to the circumstances connected with the signing and delivery of the notes, and which contained the following cross interrogatories put by the plaintiffs' counsel :  " Were you not expelled from the bar at Springfield ? "  " When were you expelled from the bar at Springfield ? "  " Did you have a hearing at your request before the court, about the time of your expulsion, and with reference thereto ; and was not your cause then reheard ; and did you not address the court on the subject ? "  " What judge presided at the court when you were expelled from the bar at Springfield ? "  " For what cause were you expelled from the bar ? "  " Did the same judge preside at Springfield when you were expelled, who presided at the former trial of this case ? "  " How long after you testified in the former trial of this case was it that you were so expelled from the bar ? "  " What were the charges against you for which you were so expelled from the bar ? "  " Were you not expelled from the bar because, among other things, you committed the crime of perjury ? "  " Did not Judge Mellen at or about the time you were expelled from the bar, speak to you about testifying on the former trial of this case ?  Did he not intimate you had sworn falsely ? "  These interrogatories were objected to by the

defendant, both at the time of the taking of the deposition, and at the trial, but the presiding judge overruled the objections, and allowed the interrogatories and the answers thereto to be read to the jury.

The judge instructed the jury that the production of the notes by the plaintiffs, with the defendant's name upon them, was *prima facie* evidence that his name was put there at the time of the making of the notes, and that the plaintiffs would be entitled to a verdict, unless the jury were satisfied from the evidence introduced by the defendant that his name was put there afterwards. The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*T. Willey*, for the defendant. 1. The deposition of Bryan should have been excluded, for the reasons stated in the bill of exceptions. Depositions, being admissible only by statute, should comply with the spirit and letter of the statute and the rules of court. Rev. Sts. *c.* 94, §§ 30–32. Rules 9 & 10 of C. C. P., which are identical with rules 6 & 7 of this court, 24 Pick. 385, 386. *Bryant* v. *Commonwealth Ins. Co.* 9 Pick. 485. *Davis* v. *Allen*, 14 Pick. 313. *Winooskie Turnpike Co.* v. *Ridley*, 8 Verm. 404. *Breyfogle* v. *Beckley*, 16 S. & R. 264. 2. The annexing of the original notes to Bryan's deposition, without notice to the defendant that they would be annexed, or exhibited to the witness, deprived the defendant of the opportunity to cross examine the witness in regard to them, and shows an improper interference with the magistrate. *Summers* v. *M'Kim*, 12 S. & R. 410. 3. The cross interrogatories to Farrell were inadmissible, as irrelevant to the issue, and tending to impeach the credibility of the witness as to a collateral and independent fact 1 Greenl. Ev. §§ 455, 461. And the last one related to mere matter of hearsay. The verdict must therefore be set aside. See *Foster* v. *Mackay*, 7 Met. 537.

*G. M. Browne*, for the plaintiffs. 1. The objection to Bryan's deposition, founded on the misdescription of the witness, is untenable, as it appears that the deponent is the same person described in the interrogatories. 2. Nor does the annexing of the original papers to this deposition furnish any ground for its

rejection. 1 Greenl. Ev. § 436. *Lee* v. *Thorndike*, 2 Met. 313. Besides; the admission or rejection of depositions taken out of the state is within the discretion of the judge, and not a subject of exception. Rev. Sts. *c.* 94, § 33. *Amherst Bank* v. *Conkey*, 4 Met. 462. *Sabine* v. *Strong*, 6 Met. 278, 279. *Allen* v. *Perkins*, 17 Pick. 372. 3. The cross examination of Farrell was properly admitted. Questions tending to show degradation of character in the witness are admissible on cross examination; at least, if the witness does not object to answer them. 1 Greenl. Ev. §§ 455, 459. 1 Stark. Ev. (4th Amer. ed.) 142, 143.

DEWEY, J. The objections taken to the deposition of Mark H. Bryan furnish no sufficient ground for setting aside the verdict. The variance in the description of the place of residence of the deponent, as stated in the interrogatories on which the commission issued, and in the caption of the deposition, is susceptible of explanation upon the ground of a change of residence of the party after the filing of the interrogatories; and as to that and the alleged variance of the occupation of the deponent, they are immaterial, if it appears, as we think it does, that there is no question as to the identity of the person, and that the same individual was described in the interrogatories and the deposition.

2. The attaching of the original notes to the deposition of this deponent, and his testimony as to such notes, although not called for by the interrogatories, were not, under the circumstances of the present case, a ground for setting aside the verdict, inasmuch as there was no question between the parties as to the genuineness of the notes, or their actual signature by the persons whose names were borne on them; the only question being as to the time when the signatures of the various parties were placed there.

3. The objections to certain interrogatories, contained in the deposition of John C. Farrell, are of a more serious character. Great latitude is allowed in the cross examination of a witness, and many inquiries, as to matters collateral merely, may be put to the witness, to exhibit him more fully to the jury, that they may be the better able properly to estimate the weight of his

testimony. But, as it seems to us, they were carried too far in the present case. The interrogatories here put are not inquiries as to his places of residence, his ordinary pursuits in life, and the like, but inquiries having for their object to show to the jury, that he had been put on trial before the court of common pleas, upon certain charges of misconduct made against him, for the purpose of having his name taken from the roll of attorneys. Their object was to prove his expulsion from the office of an attorney, by his statement to that effect, and to show in the same manner that the cause of his expulsion was perjury committed by him. They proposed to inquire of the deponent, not only as to these matters generally, but further whether a certain justice of the court of common pleas had not intimated to the deponent that he had sworn falsely. To these interrogatories objections were taken, before the commission issued, and again on the trial of the case, before they were read to the jury. In the opinion of the court they ought to have been stricken out of the deposition, and for this cause the verdict must be set aside and a                              *New trial granted.*

After the delivery of the foregoing opinion, *Willey* suggested to the court that the case had already been tried twice, at considerable length, in the court of common pleas, and that both parties were desirous that the new trial should be had in this court; and that, if the case should be remanded to the court of common pleas, as the *ad damnum* in the writ was over $600, the parties might, by consent, at any time before the commencement of the trial, bring the case to this court, under *St.* 1844, *c.* 162.

He also moved for an indorser, on the ground that the surviving plaintiff had gone to California, which had first come to the knowledge of the defendant at this term. *Browne* resisted this motion, because it was not made at the first term after the occurrence of the fact relied on as the ground of the motion.

By THE COURT. This case, having been already tried in the court of common pleas, is not within the provision of *St.* 1844, *c.* 162, that any action, entered in the court of common pleas, where the *ad damnum* in the writ exceeds a certain sum, " after

the first term, may be carried to the supreme judicial court, by the consent of both parties, provided it be done before the trial commences in the court of common pleas." The application is therefore addressed to the discretion of the court; and as this is a very suitable case to be tried in the court of common pleas, and an earlier trial can be had there than in this court, let the case be remanded to that court.

As both of the plaintiffs were inhabitants of this state when this action was brought, no indorser is required by the statute. Rev. Sts. *c.* 90, § 10.  The policy of the law is obvious — that an inhabitant of the state shall not, as a condition precedent to his right to maintain an action, be obliged to give security for costs; for he and his property will be liable to be taken on execution on any judgment recovered against him.  But the legislature, foreseeing that it would be impossible to provide for all cases, vested a discretionary power in the court, to require an indorser, "in all cases, when it shall appear to them reasonable." When the plaintiff, while the action is pending, removes out of the reach of the process of the court, it is clearly within the policy of the law that an indorser should be required.

*Indorser to be furnished.*